**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MADELINE RICE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | |
| **GRIMM BROTHERS REALTY** | : | **NO. 15-1405** |
| **COMPANY, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**<u>MEMORANDUM</u>**

Tucker, C.J.                                                    **January 21, 2016**

Presently before the Court is Defendant Seth Daniels, Esquire's ("Defendant Daniels")

Motion to Dismiss Plaintiff Madeline Rice's ("Plaintiff") Complaint (Doc. 3).  Upon

consideration of the parties' submissions and for the reasons set forth below, this Court

GRANTS IN PART and DENIES IN PART Defendant's Motion.

**I.      FACTUAL BACKGROUND**

Plaintiff brings the instant civil action for damages against Defendant Daniels alleging

numerous violations of the Fair Debt Collection Practices Act ("FDCPA or "the Act") and the

Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA").

In December 2012, Plaintiff entered into a lease agreement with Defendant Grimm

Brothers Realty Company ("Defendant GBRC") to rent an apartment in Norristown,

Pennsylvania (the "Lease Agreement").  Compl. ¶ 16.  Defendant Gary Grimm ("Defendant

Grimm"), an officer and principal of Defendant GBRC, executed the Lease Agreement on behalf

of Defendant GBRC.  Compl., Exh. A, Doc. 1, at 24.  The term of the Lease Agreement began

1

on December 15, 2012 and terminated on April 15, 2014.  Compl. ¶ 17.  On or about January 1,

2013, Plaintiff entered into possession of the apartment.  *Id.* ¶ 19.

On or about May 15, 2013, Plaintiff notified Defendant GBRC in writing that she would

vacate the premises by July 1, 2013.  *Id.* ¶ 21.  On or about May 29, 2013, Plaintiff vacated the

premises.  *Id.* ¶ 22.  Plaintiff alleges that she vacated the premises prior to the completion of the

lease term,

> due in substantial part to [Defendant] Grimm's unauthorized entry into the
> Premises (while the Plaintiff still resided there, but at a time when the Plaintiff
> was not present) for purposes unknown, but unrelated to the landlord/tenant
> relationship, and other actions of [Defendant] Grimm that invaded the Plaintiff's
> privacy, constituted harassment of the Plaintiff, and that caused her to be in fear
> of [Defendant] Grimm.

*Id.* ¶ 24.

Plaintiff alleges that on May 29, 2013, Defendant GRBC knew that Plaintiff no longer

resided at the apartment, "[n]evertheless, [Defendant] GRBC, through [Defendant John J.

Muholland Jr. ("Defendant Muholland")], its counsel at the time, filed a Landlord/Tenant

Complaint against the Plaintiff in Magisterial District Justice Court 38-1-09, on May 29, 2013."

*Id.* ¶ 26.  Plaintiff contends that Defendants GBRC and Muholland had the Landlord/Tenant

Complaint served only at the apartment despite knowing that Plaintiff no longer resided on the

premises.  *Id.* ¶ 27.  Plaintiff avers that Defendants GBRC and Muholland made no effort to

determine Plaintiff's current address so that the Landlord/Tenant Complaint may be served to

her, thus denying Plaintiff the opportunity to respond.  *Id.* ¶ 28.  Plaintiff alleges that she did not

respond to the Landlord/Tenant Complaint because she did not receive a copy of the Complaint

and did not know a suit was pending.  *Id.* ¶ 29.  On June 11, 2013, the Magisterial District Justice

Court entered a default judgment against Plaintiff "for possession of the Premises (which the

Plaintiff no longer occupied) and for rent and other charges allegedly due under the lease of

$10,135.16, plus costs of $190.25, based on an underlying Lease [Agreement] that called for monthly rent of just $590.00" ("Magisterial Court Judgment").  *Id.*

Plaintiff alleges that Defendant GRBC did not take any action to collect the debt until February 19, 2015.  *Id.* ¶ 30.  On that date, Defendant GBRC, through Defendant Daniels, docketed a transcript of the Magisterial Court Judgment in the Montgomery County Court of Common Pleas, No. 2015-03187 ("Common Pleas Judgment") and issued a Writ of Execution against T.D. Bank, N.A., as garnishee.  *Id.*   Plaintiff alleges that neither Defendant GBRC nor Defendant Daniels attempted to learn Plaintiff's current address at the time the Common Pleas Judgment was docketed.  *Id.* ¶ 33.  On February 20, 2015, the Writ of Execution was served on T.D. Bank, N.A.  *Id.* ¶ 34.  In response, T.D. Bank, N.A. froze "approximately $13,000.00 on deposit in account that was titled jointly to the Plaintiff and to Maryann King and Matthew B. Rice, V.M.D., her parents."  *Id.*   On February 26, 2015, Plaintiff first learned of the Common Pleas Judgment when she received a notice from T.D. Bank, N.A. that the joint account was frozen.  *Id.* ¶ 35.

In Count II of the Complaint, Plaintiff alleges that Defendants Daniels, Grimm, and GRBC violated the FDCPA and FCEUA.  Specifically, Plaintiff alleges that Defendants violated 15 U.S.C. §§ 1692e(2)(A), 1692f(1), and 1692g in regards to the Common Pleas Judgment and Writ of Execution.

## II.    STANDARD OF REVIEW

A court may dismiss a plaintiff's complaint under Rule 12(b)(6) when it does not "'state a claim to relief that is plausible on its face.'"  *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268 (3d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In light of the Supreme Court's rulings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*,

556 U.S. 662 (2009), the district court conducts a three-part analysis in evaluating a motion to dismiss for failure to state a claim. *Connelly v. Lane Constr. Corp.*, --- F.3d ---, No. 14-3792, 2016 WL 106159, at *4 (3d Cir. Jan. 11, 2016). First, the court "must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Accordingly, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Lastly, after accepting the well-pleaded factual allegations and "'assum[ing] their veracity . . . [the court must] determine whether they plausibly give rise to an entitlement to relief.'" *Connelly*, 2016 WL 106159, at *4 (quoting *Iqbal*, 556 U.S. at 679). A complaint is plausible on its face when its factual allegations allow a court to draw a reasonable inference that a defendant is liable for the harm alleged. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010). A plaintiff may survive a motion to dismiss if the "[f]actual allegations [are] enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III.   DISCUSSION

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Accordingly, as a threshold matter, in order for the FDCPA to apply in an action, a plaintiff must not only prove that he or she is a "consumer" but also that the defendant is a "debt collector." See *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) (citing *Pettit v. Retrieval Masters Creditors*

*Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000)) (explaining that "[t]he FDCPA's provisions generally apply only to 'debt collectors.'"). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Supreme Court has held that "[t]he Act does apply to lawyers engaged in litigation." *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995).

While Defendant Daniels does not contest the allegation that he is a "debt collector," this Court affirmatively makes the threshold finding that he does fall within the purview of Congress' definition of a "debt collector." Specifically, Defendant Daniels did use "an instrumentality of interstate commerce of the mails" in order to collect the debt on behalf of his client, Defendant GRBC. Defendant Daniels docketed a transcript of the Magisterial Court Judgment in the Montgomery County Court of Common Pleas and issued a Writ of Execution against T.D. Bank, N.A., as garnishee. Compl. ¶ 30. Accordingly, he is a "debt collector" and the Court will now address each alleged FDCPA violation.

A. *15 U.S.C. §§ 1692e(2)(A) and 1692f(1)*

Plaintiff alleges that Defendant Daniels violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) by "includ[ing] amounts that the Plaintiff did not actually owe" in the Common Pleas Judgment. *Id.* ¶ 68. More specifically, in Count I of the Complaint, Plaintiff elaborated on this claim as to the other Defendants and alleged that Defendants GBRC, Grimm, and Muholland violated § 1692e(2)(A) by "includ[ing] amounts to which GRBC was not entitled" in the Magisterial Court Judgment and violated §1692f(1) "[b]y including in the [Magisterial Court Judgment] Complaint (and the [Magisterial Court] Judgments) amounts that the Plaintiff did not actually owe." *Id.* ¶ ¶

5

54–58.  Plaintiff maintains that "[a] demand for certain fees or amounts, when the underlying agreement does not provide for such fees, is a violation of the FDCPA."  Doc. 5 at 7.

Section 1692e(2)(A) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or legal status of any debt.

15 U.S.C. § 1692e(2)(A).  Additionally, § 1692f(1) provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) *unless such amount is expressly authorized by the agreement creating the debt* or permitted by law.

15 U.S.C. § 1692f(1) (emphasis added).

Defendant Daniels argues that per Plaintiff's admission in the Complaint, "the only debt that [Defendant] Daniels has alleged or attempted to collect was the final judgment from the Magisterial District Court, plus statutory interest, that he docketed in the Montgomery County Court of Common Pleas."  Doc. 3 at 5; Compl. ¶ 30.  Defendant Daniels maintains "that a person against whom judgment has been entered 'actually owes' the amount of judgment, until and unless it is modified by a court with the authority to do so."  Doc. 3 at 5–6.  Therefore, Defendant Daniels contends that because "Rice has not claimed any other representations by [Defendant] Daniels as to the amount or status of her debt, or attempts to collect anything other than the judgment against her. . . . [Plaintiff] fail[s] to plausibly state a claim under both 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. §1692f(1)."  *Id.* at 6.  This Court agrees.

Magistrate Judge William I. Maruszczak entered a default judgment in favor of Defendant GBRC for a total amount of $10,325.41.  Compl., Exh. C, Doc. 1, at 26.  The

magistrate judge found that the tenants, Plaintiff and Tyler Wesley William Shipley, were jointly and severally liable to Defendant GBRC for $10,135.16 for the total rent in arrears and $190.25 for costs. *Id.* Accordingly, the magistrate judge made an express judgment finding that this judgment award was based upon the finding that rent per month was $590.00. *Id.* Plaintiff also admits that the rent per month was $590.00. Compl. ¶ 29. Additionally, Plaintiff concedes that she vacated the premises approximately eleven months prior to the termination of the Lease Agreement. *See id.* ¶¶ 17, 21. The Lease Agreement provided in paragraph 27 that if the tenant breaks the lease, the "Landlord has the right to sue each Tenant to . . . [g]o to Court to recover rents due to the full term of the lease . . . and recover other monies due." Compl., Exh. A, Doc. 1, at 20. Additionally, the Lease Agreement provided that if the lease is broken, the tenant owes the landlord the following:

> (a) All rents and additional rents as permitted under this lease; (b) [a]ll legal fees, court cost, collection fees, sheriff or constable's fees, and any related expenses; (c) [t]he cost of repairing or replacing any damage to the leased property caused by Tenant; (d) [m]oving/storage fees, of tenant belongings, must be paid prior to release; [and] (e) [l]ost rent for time repairing and replacing any damage to the leased property caused by tenant.

*Id.* Plaintiff and her co-tenant, Tyler Wesley William Shipley, executed the Lease Agreement. *Id.* at 24. Additionally, at no point in the Complaint does Plaintiff challenge the validity of the Lease Agreement. *See* Compl., Doc. 1.

Therefore, Plaintiff failed to demonstrate that Defendant Daniels falsely represented the character, amount, or legal status of the debt or used unfair or unconscionable means to collect the debt in violation of §§ 1692e(2)(A) and 1692f(1). By its own terms, the Lease Agreement provided for numerous rent fees in the event that the lease was broken by the tenant. Therefore, it is not apparent that Defendant Daniels falsely misrepresented the character of the debt or use unconscionable means by using the Writ of Execution to collect the amount due. Additionally,

the judgment of the Magisterial Court remained in effect until Plaintiff challenged its legality.

Thus, it was not improper nor in violation of the FDCPA for Defendant Daniels to rely on the

Magisterial Court Judgment in providing the $10,325.41 amount in the Court of Common Pleas

Judgment. *See* Compl., Exh. C, Doc. 1, at 28–29. Therefore, this Court will grant Defendant

Daniels's motion to dismiss the claims regarding violations of §§ 1692e(2)(A) and 1692f(1)

because Plaintiff failed to plead sufficient factual allegations that plausibly give rise to a right to

relief.

Since the FCEAU statute parallels the language of §§ 1692e(2)(A) and 1692f(1), the

Court dismisses the FCEAU claims related to these sections as well. *See* 73 P.S. § 2270.4.

### B. *15 U.S.C. § 1692e(10)*

Next, Plaintiff alleges that Defendant Daniels violated 15 U.S.C. § 1692e(10). In

particular, Plaintiff alleges that "[w]hen [Defendant] Daniels caused the Common Pleas

Judgment to be docketed, on February 19, 2015, he knew or should have known that Plaintiff no

longer resided at the Premises." Compl. ¶ 65. Plaintiff further argues that neither Defendants

GRBC nor Daniels made an effort to determine Plaintiff's current address. *Id.* ¶ 67. Thus,

Plaintiff contends that Defendant "Daniels caused the Common Pleas Judgment to be docketed

with an out-of-date address for Rice, specifically to ensure that Rice would not know of it, and

would not be able to respond, or he should have known that such would be the result." *Id.* ¶ 69

(emphasis omitted). In contrast, Defendant maintains that he followed Pennsylvania Civil

Procedure by providing the Court of Common Pleas with Plaintiff's last known address when he

docketed the Magisterial Court Judgment in the Court of Common Pleas.

Section 1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or
means in connection with the collection of any debt. Without limiting the general

> application of the foregoing, the following conduct is a violation of this section: The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).  Accordingly, "[b]ecause the FDCPA is a remedial statute, . . . [the court must] construe its language broadly, so as to effect its purpose."  *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006).

The Court finds that Plaintiff has sufficiently plead factual allegations that plausibly give a right to relief under § 1692e(10).  The Court acknowledges that Pennsylvania Rule of Civil Procedure 440(a) permits a party to effectuate service "by leaving a copy at or mailing a copy to the last known address of the party to be served," however it is unprepared to hold that it is not deceptive for a debt collector to cause service to be made an address which the defendant has actual knowledge that the Plaintiff does not reside.  Pa. R. C. P. 440(a).  At this stage of the lawsuit, it is at least plausible that this form of service may have been a "deceptive means to collect or attempt to collect [a] debt."  15 U.S.C. § 1692e(10).  Accordingly, this Court will deny Defendant Daniels's motion to dismiss the § 1692e(10) claim.

*C.  15 U.S.C. § 1692g*

Lastly, Plaintiff alleges that Defendant Daniels violated 15 U.S.C. § 1692g by failing to send plaintiff a "validation notice."  Defendant Daniels argues, however, that he only communicated with Plaintiff via the legal pleadings and therefore is not liable under § 1692g.

In *Caprio v. Healthcare Revenue Recovery Grp., LLC*, the Third Circuit explained that "Congress adopted 'the debt validation provisions of section 1692g' to guarantee that consumers would receive 'adequate notice' of their rights under the FDCPA."  709 F.3d 142, 148 (3d Cir. 2013).  Section 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing– (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).  The FDCPA defines a "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). There is an exemption to this broad definition of "communication" for "[a] communication in the form of a formal pleading in a civil action [which] shall not be treated as an initial communication for purposes of [§ 1692g(a)]." 15 U.S.C. § 1692g(d).  Thus, this Court must determine whether the Writ of Execution is a formal pleading.

It is well-settled that "[a] summons and complaint is a formal pleading." *Sebrow v. Fein, Such, Kahn & Shepard, P.C.*, No. 10–00215(JLL), 2011 WL 3439167, at *3 (D. N.J. Aug. 3, 2011); *see also Freire v. Aldridge Connors, LLP*, 994 F. Supp. 2d 1284, 1289 (S.D. Fla. 2014) (explaining that "[b]oth the statute and case law clearly establish that the filing of a civil complaint does not constitute such an initial communication."); *Hill v. Javitch, Block & Rathbone, LLP*, 574 F. Supp. 2d. 819, 823 (S.D. Ohio 2008) (finding that in light of precedent and the 2006 amendments to Section 1692g, the defendant "was not required to comply with § 1692g(a) when it filed the state court summons and complaint at issue in this case").  Further, according to Pennsylvania Rule of Civil Procedure 1017(a),

10

> [e]xcept as provided by Rule 1041.1, the pleadings in an action are limited to: (1) a complaint and an answer thereto, (2) a reply if the answer contains new matter, a counterclaim or a cross-claim, (3) a counter-reply if the reply to a counterclaim or cross-claim contains new matter, [and] (4) a preliminary objection and a response thereto.

Pa. R. C. P. 1017(a).  A writ of execution was not included in the Pennsylvania Rules of Civil Procedure's list of pleadings in an action and this was likely because

> the "legal pleading" exemption applies to documents that specifically relate to an attorney's litigation efforts to collect a debt. In other words, the exemption follows the traditional definition of a pleading: "[a] formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses." BLACK'S LAW DICTIONARY 1270 (9th ed.2009).  In contrast, a writ is a "court's written order, in the name of a state or other competent legal authority, commanding the addressee to do or refrain from doing some specified act." *Id.* at 1747. Because a writ is issued post-litigation, it cannot be considered a part of the litigation process itself. And there is no indication in the legislative record or case law (including the cases cited by the parties) suggesting the "legal pleading" exemption is to apply generally to any court or legal document.

*Adams v. David B. Schumacher, PC*, No. 13–CV–02301–AC, 2014 WL 6977695, at *4 (D. Or. Dec. 9, 2014).  Further, the district court cautioned that "[e]xtending the exemption to writs and similar documents would render § 1692g(a) inapplicable to attorney debt collectors, which the court expressly declined to do in *Heintz* [*v. Jenkins,* 514 U.S. 291 (1995)]." *Id.*

The Court finds that Plaintiff has sufficiently plead factual allegations that plausibly give a right to relief under § 1692g.  A writ of execution is not included in the Pennsylvania Rules of Civil Procedure's list of pleadings.  Additionally, a writ of execution serves a different function from a summons, complaint, answer, etc.  Therefore, the Court declines to expand this narrow exemption from the definition of "communication" to include writs of execution at this time.  Accordingly, this Court will deny Defendant Daniels's motion to dismiss the § 1692g claim.

**IV.     CONCLUSION**

The Court concludes that Plaintiff failed to plead sufficient factual allegations that plausibly give rise to a right to relief as to the §§ 1692e(2)(A) and 1692f(1) claims.  Accordingly, the motion to dismiss as to these claims and the related FCEAU claims is GRANTED.  Plaintiff has, however, sufficiently plead factual allegations that plausibly give a right to relief under §§ 1692e(10) and 1692g.  Accordingly, the motion to dismiss as to these claims is DENIED.  An appropriate order follows.